**FILED**

August 30, 2009

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002056086

Thomas A. Aceituno
P.O. Box 189
Folsom, CA 95763-0189
Telephone:     (916) 985-6486
Fax:              (916) 985-7373

Bankruptcy Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In Re, | ) Case No. 08-33258-C-7 |
| GREYSTONE PARTNERS LLC | ) |
|  | ) DCN:     TAA-7 |
|  | ) DATE:     September 22, 2009 |
|  | ) TIME:      9:30 AM |
| Debtor(s) | ) DEPT.:   C |
|  | ) |

MOTION TO APPROVE COMRPOMSIE OF OBJECTION TO
CLAIM NO. 2 OF LINDA ROBINSON
AND
DECLARATION OF THOMAS A. ACEITUNO

THOMAS A. ACEITUNO, the duly appointed trustee in the above matter, moves for approval of a compromise of the objection to Claim No. 2 of Linda Robinson as follows:

1.    The Debtor herein filed bankruptcy on September 17, 2008.  I am the duly appointed Trustee for the Bankruptcy Estate.

2.    Linda Robinson (hereafter the Claimant) is a creditor in this estate.  On October 14, 2008 Claimant filed a claim in the bankruptcy, identified as Claim No. 2 on the Claims Register.

3.    On the claim form, Claimant indicated the total amount of the claim is $56,320.00.  Under Section 6 of the form, the Claimant indicated the claim was entitled to priority status.   The request for priority status is based on both a

claim for wages or compensation (11 USC Section 507(a)(3)) and a claim for contributions to an employee benefit plan (11 USC Section 507(a)(4)).

4. The principals of the Debtor dispute the claim in its entirety. Filed herein is Declaration of Mimi Boardman In Support of Objection to Claim No. 2 of Linda Diane Robinson which details the basis for the dispute. In summary, Ms. Boardman makes the following points:

   a. Ms. Robinson was an independent contractor and not an employee of the Debtor corporation.

   b. The Debtor corporation only has three "employees" and did not maintain an "employee benefit plan".

   c. Ms. Robinson, whose duties included bookkeeping and other activities, failed to fully account for all cash income to the corporation, wrote at least two unauthorized checks to herself, failed to deliver all books and records to the corporation, and was apparently paid more than she had actually earned while performing work for the corporation.

5. Based on the declaration of the principals, I did not believe Ms. Robinson's claim qualifies for priority treatment under either of the Bankruptcy Code sections cited by the Claimant. Also based on the declaration, it appears that she actually received more than she was entitled to receive and that her claim should be denied in full.

6. I filed an objection to the claim with this court, which was previously heard on August 28, 2009 and continued to September 22, 2009. (See TAA-5, Objection to Claim No.2 of Linda Robinson).

7. Linda Robinson responded to the objection and filed a declaration in support of her response (See Declaration of Linda Robinson in Support of Response to Objection to Claim of Linda Robinson, filed August 4, 2009). In the reply she disputes most of the allegations in the declaration of Mimi Boardman. In particular, she asserts that although she was treated as an independent contractor

for employment and tax purposes, she effectively worked as a direct employee and performed duties of an employee during her time with the Debtor.

8. The competing declarations establish that the ultimate determination of the validity of the claim of Linda Robinson would require an full hearing and presentation of evidence.

9. In lieu of further litigation over the matter, I have reached a compromise with Ms. Robinson. The compromise provides that she will receive a total of $5,800.00 as a priority wage claim in the estate and will waive all further claims in the estate.

10. I believe the compromise is fair and reasonable for the following reasons:

   a. Resolution of the objection would require additional time and resources to present a full evidentiary hearing. The dispute is very fact intensive and requires presentation of witnesses to support the written testimony.

   b. The probability of success in litigation would depend on the court's determination of the validity and creditability of the witnesses.

   c. The only "creditors" in the case to express an interest in the objection to the claim were the principals of the debtor corporation. They have a direct financial conflict in the case due to the fact the they may be personally obligated to pay any priority tax claims which are not paid through the estate. The court would have to weigh this conflict in determining the validity of their testimony.

   d. I believe it is in the best interest of all other creditors including other priority wage claimants, to resolve this claim objection because resolution of the claim objection is the only thing preventing me from proceeding with a final report and distribution of the funds in the estate.

For the reasons above, I pray for an order of the Court approving the compromise of the objection to Claim No. 2 of Linda Robinson as a priority claim in the estate in the amount of $5,800.00.

DATED:  August 30, 2009                    /s/ Thomas A. Aceituno

## DECLARATION

I, Thomas A. Aceituno, hereby declare under penalty of perjury:

1.      I am the duly appointed Trustee of the estate above.

2.      I have reviewed all of the above and it is true and correct and if called I would so testify.


DATE:  August 30, 2009                    /s/ Thomas A. Aceituno